JOSEPH DANIELS, Plaintiff in Error, *vs.* NEWTON BRADLEY, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A Defendant demanded an assessment of damages, and afterwards demurred to the Complaint. The demurrer was an abandonment of the demand for an assessment.

A demurrer will not lie to a portion of a Complaint which does not state a substantive cause of action, nor to an answer which does not set up a substantive defence. Motion is the proper remedy.

The complaint was upon a promissory note for $5,450. The Defendant demanded an assessment of damages, and afterwards demurred to the portion of the complaint quoted therefrom as follows : " The Plaintiff further shows that the interest on the said sum loaned by him to the said Plaintiff, viz : the sum of five thousand dollars was computed in the same at the contract rate, and by mutual agreement of the said parties, of three per cent. per month for the said space of three months, and the amount of such interest, viz : the sum of four hundred and fifty dollars was included in the said promissory note heretofore set out." The demurrer was overruled.

Points and authorities of the Plaintiff in Error :

*First.*—The court below erred in overruling the demurrer.

1. Because that portion of the complaint demurred to set up, or attempted to set up a distinct and separate cause of action.

2. Because, the Defendant in error could only recover upon said note what appeared to be due thereon by the terms thereof.

3. Because, the Defendant in error could not introduce parol testimony to change the effect of said note or to show the consideration of the same, except to avoid testimony first introduced by the Defendants.

4. Because, the agreement alleged to have been made for

interest contained in the body of said note does not appear to have been made in *writing.*

5. Because, said action was brought upon a promissory note, and the Plaintiff could not recover upon any verbal agreement or understanding made or had prior to the execution of the note, but must rely upon and be governed by the amount expressed upon the face of the note, and could not introduce parol testimony to contradict or vary its terms.

6. Because, that portion of said complaint demurred to is wholly immaterial, and could have no legal effect upon the result of the action, whether the same was true or otherwise.

*Second.*—The District Court erred in *permitting* the Plaintiff below to recover upon said note interest at a greater rate than seven per cent. per annum after the maturity thereof.

1. Because the measure of damages upon said note was the amount expressed upon its face, and interest after maturity at the rate of seven per cent. per annum.

2. Because the said court below allowed a recovery upon a verbal agreement to pay a certain rate of interest made before the execution of the note, and held that such agreement should be the measure of damages after the maturity thereof, and be the measure of damages *until* the note was paid.

3. Because, no greater rate of interest than seven per cent. could be recovered upon said note, and notwithstanding the objections of the Plaintiffs in error, the court allowed the Defendant in error to recover interest at the rate of five per cent. per month.

4. Because the court below erred in entering judgment for interest which accrued after the maturity of the note declared on at a greater rate than seven per cent. per annum.

5. Because, the court below erred in granting the amendment to the Plaintiff's Complaint. *See Bass & Co. vs. Upton,* 1 *Minn. R.* 408, *and cases cited.*

Points and authorities of Defendant in Error:

*First.*—The order made by the court below permitting the Defendant in error to amend his complaint is not reviewable in this court. An application of this nature is always ad-

dressed to the *discretion* of the court allowing or refusing it, and the appellate court has no power to modify or reverse the order of the court below. *Brown vs. McKune*, 5 *Sandf.* 224; *Phinch vs. Vaughn*, 12 *Barb.* 215 ; *Seely vs. Chittendon*, 10 *Barb.* 303 ; *Talman vs. Hindeman*, 10 *How.* 90 ; *Van Sant-voord's Pleadings*, 816; *Dufolt vs. Gorman*, 1 *Minn. Rep.* 301; *R. S. p.* 544, *Sec.* 94.

*Second.*—The demurrer interposed by the Defendants was properly overruled.

There being but one cause of action stated in the complaint, a demurrer to a part of it cannot be sustained. A demurrer must be interposed to a *whole complaint*, or *an entire cause of action*, and cannot be sustained to one single clause, sentence or allegation contained in it. *R. S., p.* 540, *Sec.* 66 ; *Cobb vs. Frazier*, 4 *How.* 413 ; *Van Santvoord's Pleadings*, 651–2.

This was the rule at common law, when the party must demur to an *entire pleading*. 1 *Chitty's Pleadings*, 665.

Had the demurrer been interposed to the entire complaint instead of a part of it, still it must have been overruled. The complaint states facts sufficient to constitute *a cause of action*, and if it states other matters immaterial or irrelevant, the parties aggrieved can have such matters stricken out on motion. *R. S. p.* 542, *Sec.* 80 ; *Van Santvoord's Pleadings*, 721, *and cases cited; 3 Sandford's Reports*, 743.

*Third.*—No objection having been made by the Plaintiffs in error to the assessment of damages in the court below, they cannot ask this court to correct any errors in such assessment until after application has been made to the court rendering the judgment which they seek to modify. *Babcock vs. Banning & Co., Hawke vs. Banning & Co., and Babcock vs. Sanborn & French, all decided at July term of this Court for* 1859.

The cases cited above are all directly in point, and present stronger reasons for the interposition of this court, than the case at bar.

In none of these cases did the Defendants appear by attorney, and in one case there was no personal service of the summons and judgment was entered by default.

In this case all the Plaintiffs in error appeared by attorney,

but none of them made any objection to the assessment of damages in the court below.

M. SHERBURNE, Counsel for Plaintiff in Error.

GEO. L. & E. A. OTIS, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.  This action was commenced in the court below, upon a promissory note which drew no interest before maturity, but contained a stipulation for interest after maturity and until paid, at the rate of five per cent. per month.  The Plaintiff applied to the court for leave to amend his complaint, which application was granted, and he amended it by inserting therein the following statement:

" The Plaintiff further shows that the interest on the said sum loaned by him to said Defendant, viz: the sum of five thousand dollars, was computed on the same at the contract rate, and by mutual agreement of the said parties, at three per cent per month, for the said space of three months, and the amount of such interest, viz: the sum of four hundred and fifty dollars, was included in the said promissory note hereinbefore set out and particularly described."

This statement was evidently inserted in the complaint as the foundation for parol proof of what the rate of interest was that the note drew, in order to form a basis for the measure of damages, after the maturity, and default in the payment of the note, under the decision in *Mason, Craig et al. vs. Calender, Flint & Co.*, 2 *Minn. R.* 350.  Whether it would have justified the admission of such evidence or not, it is now unnecessary to determine, as the case of *Marston v. Talcott*, 3 *Minn. Rep.* 339, has settled the question, that no greater rate of damages can be recovered upon the breach of money contracts, than seven per cent. per annum, and also for the further reason, that the Defendant's demurrer did not involve an examination of that point.

After this amendment was made, the Defendant, Daniels, demanded an assessment of the damages in the case; but before the time arrived for the assessment to be made, he demurred to that part of the complaint which had been inserted as an amendment.

The demurrer was an abandonment of the demand for an assessment of damages, because the decision of the demurrer necessarily preceded any assessment of damages in the case. Were it not so, a notice of this kind could be given at the commencement of any action, and after the case had been litigated through, the Defendant could still claim the full advantage of having given such notice. We think that a due regard to the fitness of order and time, in the conduct of causes would require us not to sanction such a rule. The demurrer was evidently an after-thought of the Defendant.

The matter set up by the amendment, if valid for any purpose, was only so, to increase the rate of damages that the Plaintiff was entitled to recover upon the breach of the contract. It was not a new, or separate cause of action. The insertion of this matter was the same in effect, as in a case upon a note where the Plaintiff should omit to allege that the note bore interest, and should obtain leave to insert such an allegation by way of amendment. An action for the amount of a note, and the interest which had accrued upon the same, is but a single cause of action; and an action upon a note, and for the damages resulting from its breach, is equally indivisible. The Defendant, therefore, adopted the wrong remedy, when he demurred to this portion of the complaint. The proper way for him to get rid of it, was by a motion to strike it out. See *Bass & Co. vs. Upton*, 1 *Minn. R.* 408, where the court, in a very able opinion delivered by Justice Sherburne, distincly hold that, a demurrer will not lie to a portion of an answer which does not set up a substantive defence.

In the case above cited, a demurrer was interposed to a part of the answer, and a reply to the balance, and the objection was taken, that the demurrer would not lie to less than a distinct defence. The court fully sustain this position, but prove that the matter demurred to, clearly constitutes a separate defence, and on that ground alone, entertain the demurrer. The soundness of that decision is certainly indisputable, and the same principle that allowed the demurrer in that case, will exclude it in this.

The court then properly overruled the demurrer, not upon its merits, but upon the ground that it was not the correct

proceeding by which to reach the defect in the complaint.

What, then, was the condition of the case? The Defendants' demurrer was overruled, and no time was allowed him in which to answer over. The case then stood exactly as if no pleading had been interposed by the Defendant, and the Plaintiff was entitled to enter judgment upon his complaint, and he did so.

The court below has never been called upon to decide the point, as to what measure of damages the Plaintiff was entitled to recover, and has never decided any question in the case, save that the demurrer was improvidently taken; in which holding we fully concur.

There having been no decision by the court below, upon the question of damages, that point is not properly here for review under our holding in *Hawke et ux. et al. vs. Banning & Co., and Babcock and Hollinshead vs. Sanborn & French*, decided at the July Term of 1859.

It is necessary that the judgment should be affirmed, but as we have no disposition to cut the Defendant off from raising the question, if he may be so advised, we remand the case, without prejudice in that behalf, on account of the proceedings had in this court.

*Chief Justice Emmett dissents from the foregoing opinion.*